HOLLON PARKER, APPELLANT,

*v.*

GEORGE DACRES, H. P. ISAACS, ALFRED THOMAS, J. C. SMITH, WM. KIRKMAN, JOHN LUCAS AND JAMES McAULIFF, APPELLEES.

Chapter 33 of the Act of the Legislative Assembly, 1873, deals entirely with executions at law and the right to redeem granted by Sections 364, 365 and 366, and does not in terms or by fair implication extend to property sold in any other manner. The execution provided in this chapter is entirely different from the order of sale on foreclosure of a mortgage.

The conclusion that real estate sold to satisfy a decree of foreclosure is not subject to redemption under the Act of 1873, is strengthened by a consideration of the nature of mortgages under our system, and the effect of foreclosure proceedings.

A mortgage of real estate in the Territory simply creates a lien on real estate, to be enforced by a proper judicial proceeding. Under our system there is no equity of redemption in the mortgagor, because the legal title has not passed from him.

A Court of Equity, by virtue of its inherent equitable power, imposes as a con-

dition of sale the right in the mortgagor to redeem upon proper conditions. within a certain time, but in the absence of such conditions the sale is absolute.

The cause of action, if any in this case, accrued in 1875; the complaint was not filed until May, 1884, and was therefore barred, for such action is controlled by Sec. 33 of the Code, which prescribes two years, and not by the provision relating to real actions.

APPEAL from First Judicial District, holding terms at Walla. Walla.

The amended complaint herein alleges that plaintiff, on the 28th day of December, 1874, was the owner of the premises described therein; that they were on that day subject to a decree rendered by the District Court of the First Judicial District; that under and by virtue of said decree the premises were sold on the 2d day of January, 1885; that at such sale the defendants severally became purchasers of separate parcels of said premises; that plaintiff, on November 10, 1875, within six months after the confirmation of said sale, applied to the then sheriff of Walla Walla County to redeem said lands from said sale; that redemption was refused him, and that deeds were executed to the several purchasers and recorded. To the said amended complaint the defendants demurred, upon the grounds, first, that the amended complaint does not state facts sufficient to constitute a cause of action; second, that several causes of action have been improperly united; which demurrer was sustained.

*A. E. Isham,* for Appellant.

The tender was made in time, under Sec. 366, page 101, Laws of W. T., 1873.

Without any statutory provision, the term month will be held to mean a calendar month, and not a lunar month. (*Hunt & Ux.* v. *Holden,* 2 Mass. 170, and note (b); *Avery and Another* v. *Pixley, Executor,* 4 Mass. 460; *Churchill* v. *President of the Merchants' Bank,* 19 Pick. 535, 4 Wend, 512; *Schnyder & Schnyder* v. *Warren,* 2 Cow. 518; *People* v. *Mayor, &c.,* New York, 10 Wend. 395; *Goss* v. *Fowler,* 21 Cal. 392; *Sprague* v. *Norway,* 31 Cal. 173; *Saving & Loan Society* v. *Thompson,* 32. Id. 350; *Strong* v. *Birchard,* 5 Conn. 361; *Brewer* v. *Harris,* 5 Grattan, 298; *Kimball* v. *Lamson,* 2 Verm. 138; *Common-*

*wealth* v. *Chambre*, 4 Dall. 134; 3 Serg & Rawle, 184; 2 Dall. 302; 2 Wall. 177.)

The simple requirements of the statutes, (Laws W. T., 1873, Sec. 369, 102), are that the party desiring to redeem shall apply to the sheriff for that purpose (not to the ex-sheriff).

The equity of redemption is inseparable from the mortgage, and cannot be disannexed even by an express agreement of the parties. (*Newcomb* v. *Benham*, 1 Vern. 232; Id. 190; 2 Ven. 364, 2d vol.; Story's Equity Jurisprudence, 4th ed., p. 358, Sec. 1019.)

The mortgage is not a conveyance which will enable the mortgagee to recover possession of the property without a foreclosure and sale according to law. (Laws of W. T., 1873, p. 134, Sec. 496; Boon on the Law of Mortgages, Sec. 2, 4 Kent, 158; *Sheil* v. *Lozear*, 34 N. J. L. 496; *Wilmerding* v. *Mitchell*, 42. N. J. L. 476; *King* v. *Warrington*, 2 New Mex. 318; Boon on the Law of Mortgages, Secs. 162–165; *Phillips* v. *St. Clair*, 20 Me. 269; *Rogan* v. *Walker*, 1 Wis. 527; *Lock* v. *Caldwell*, 91 Ill. 417; 10 Wheat, 168; 11 Allen, 584.)

The statutory right of six months simply cuts off and limits the common law right of twenty years, but does not extinguish the right of redemption within six months.

It is a mere security for a preëxisting debt. (*Waring* v. *Smith*, 2 Barb. Ch. R. 119, 135, 2d vol.; Story Equity Jurisprudence, 4th ed., p. 347, Sec. 1013; Id. p. 351, Sec. 1015; also note 1 on p. 352; 3d book Chitty Blackstone, top p. 339, side p. 435; 4 Kent Com., Sec. 56, top p. 177, side p. 158, 9th ed.)

We claim that without any statutory provision on the subject the right would not expire until twenty years from the time of the confirmation of sale. (2d Story Equity Jurisprudence, p. 370, Sec. 1028 a, 4th ed.; *Montgomery* v. *Chadwick*, 7 Iowa. 114.)

But the law regulating the right of redemption on sales under execution applies to sales under foreclosure. (*Kent & Cahoon* v. *Lappan*, 2 Cal. 595; *McMillan* v. *Richards*, 9 Cal. 365; *Besser* v. *Hawthorn*, 3 Or. 129.)

This case was approved in the Supreme Court (see bottom of page 137). (Laws of W. T., 1873, p. 150, Sec. 565; p. 100, Sec. 364.)

Section 365 of the same statutes gives the appellant the right to redeem, and Sec. 366 limits the time of redemption to six months from the date of the order confirming the sale. (*Duncan* v. *Duncan*, 10 Mich. 169; *Campbell* v. *Quinlin*, 4 Ill., 3 Scram, 288; *State* v. *Mason County*, 41 Mo. 453; *Draper* v. *Emerson*, 22 Wis. 147.)

Courts have uniformly held strongly in favor of the right to redeem, and any attempt to limit this right must fail. (*Henly* v. *Davis & Clark*, 7 Johns. Ch. R. 40; *Conway's Executors and Devisees* v. *Alexander*, 7 Cranch R. 218; *Holbridge* v. *Gillepsie*, 2 Johns. Ch. R. 30.)

And no decree can take away the statutory right. (*De Wolf* v. *Hayden*, 24 Ill. 525.)

In this Territory title can only pass by foreclosure, and the foreclosure of the equity of redemption does not foreclose the mortgage.

Hence, if it is held that the equity of redemption has been foreclosed, then the mortgage has not been foreclosed, and the title still remains in the mortgagor. (*Johnson* v. *Donnell*, 15 Ill. 97; *Bolles* v. *Duff*, 43 N. Y. 474; *Bradley* v. *Chester Valley R. R.*, 35 Pa. St. 140; *Hollis* v. *Smith*, 9 Ill. App. 100; *Boyer* v. *Boyer*, 80 Ill. 447; *Howgood* v. *Judd*, 4 Minn. 483.)

The plaintiff was not compelled to pursue his statutory remedy against the sheriff; it is merely a cumulative remedy, and does not deprive the plaintiff of his common law right of action against the purchaser, who is the real party in interest; and any proceedings had against the sheriff would only result in an interlocutory order, which would not be a final judgment on the merits between plaintiff and the purchasers. (Freeman on Judgments, Secs. 14, 15; Id., 251–2; 2 Wail, A. & D. 286; *Dygert* v. *Schenck*, 35 Am. Dec. 575; *People* v. *Craycroft*, 56 Am. Dec. 331; *Ann Haviland* v. *David Holstead*, 37 N. Y. 643; Jones on Mortgages, Sec. 1100; 5 Or. 322.)

Legal and equitable causes of actions may be united. (2d ed. Pomeroy R. & R., 94, Secs. 76–78; 2 Story Eq. Jur. 119, Sec. 796: 1 Pomeroy Eq., Secs. 110–115.)

The action was not barred by the Statute of Limitations.

Section 26, Laws of 1873, applies to this case.

The same rule applies in actions in equity to redeem, that

applies in actions at law, and the decree of foreclosure and sale in this case is fatally defective in not fixing the time for redemption at six months. In all cases " when the estate is less than a leasehold of two years' unexpired term, the sale shall be absolute ; in all other cases, such property shall be subject to redemption." The limitation would commence to run at the expiration of six months from the time of sale. (Boon on Mortgages, Sec. 162 and notes 1, 2, 3 ; Id., 177, and notes 1, 2 ; Id., 187, and notes 1, 2, 3, 4 ; *Clark* v. *Reyburn*, 8 Wall. 318 ; *Knolton* v. *Walker*, 13 Wis. 264 ; *Clark* v. *Potter*, 32 Ohio St., 49 ; *Demarest* v. *Wynkoop*, 3 Johns Ch. 129 ; *Lock* v. *Caldwell*, 91 Ill. 417 ; *Bolles* v. *Duff*, 41 How. Pr. 355 ; *Bolles* v. *Duff*, 43 N. Y. 469 ; *Farrell* v. *Parlier*, 50 Ill., 274; *Johnson* v. *Donnell*, 15 Ill., 97 ; *Perim* v. *Dennes*, 4 Johns Ch. 140 ; *Elmendorf* v. *Taylor*, 10 Wheat. 168.)

*Allen, Thompson & Crowley* and *B. L. & J. L. Sharpstein*, for Appellees.

We claim that the right of redemption is barred by the foreclosure of a mortgage and sale of the mortgaged premises, properly made under a decree of Court. (*Stoddard* v. *Forbes*, 13 Iowa, 296 ; *Stoddard* v. *Hays et al.*, 12 Iowa, 576 ; *Kramer* v. *Rebman*, 9 Iowa, 114; *Gargan* v. *Grimes*, 47 Iowa, 180 ; *Ballinger* v. *Bourand*, 87 Ill. 513 ; *Weiner* v. *Mitchell*, 17 Ill. 259 ; *Weiss* v. *Alling*, 34 Conn. 60 ; *Frink* v. *Murphy*, 21 Cal. 108; 2 Jones on Mortgages, Sec. 1047 ; 3 Pomeroy's Equity Jurisprudence, Sec. 1227.)

The Supreme Court of California concede the cases of *Kent* v. *Laffan* and *McMillan* v. *Richards*, cited by appellant in this case, to have been based upon an erroneous construction of the statute. (*Gross* v. *Fowler*, 21 Cal. 392.)

The complaint does not show a compliance with the provisions of the statute relating to redemption of property sold on execution. If a right to redeem after a foreclosure sale exists in this Territory, it must be a statutory right, and the statute must be strictly complied with. (Statutes of Washington Territory, 1873, p. 101, Secs. 369, 370; also p. 150, Sec. 565 ; Herman on Executions, Secs. 263, 265 ; *Haskell et Ux.* v. *Manlove*, 14 Cal. Rep. 54; *Gilchrist* v. *Comfort*, 34 N. Y. 235 ; Freeman on Executions, Sec. 314 ; *People* v. *Browne*, 10 Wendell, 87.)

Appellant fails to show the amount due at the time of the attempted redemption, and also the amount tendered. There is in his complaint no sufficient averment of a tender. (*Englander* v. *Rogers*, 41 Cal. 420 ; *Murray* v. *Windley*, 47 Am. Decisions, 324 ; *Hayden* v. *Anderson*, 17 Ia. 158.) The complaint shows upon its face that the plaintiffs' alleged cause of action was barred by the Statute of Limitations before this action was commenced. (Stats. 1873, Secs. 26, 32, pp. 8, 10 ; Voorhees Code, 8th ed., Secs. 78, 79, 97 ; *Alfred S. Hubbell* v. *Hiram Sibley*, 50 N. Y. Rep. 468 ; *Russell D. Miner* v. *Annie M. Beekman et al.*, 50 N. Y. Rep. 337.)

Opinion by TURNER, Associate Justice.

This is a suit in equity, brought by the appellant as plaintiff in the lower Court, to redeem property sold under a decree of the District Court foreclosing a mortgage. The complaint alleges in substance, that on the 28th day of December, 1874, and ever since, the appellant was the owner in fee of the property described in the complaint ; that on the 2d day of January, 1875, said property was sold by the sheriff at public auction, under and by virtue of the decree of foreclosure ; and that the same in separate lots was bought at said sale by the respective defendants, the complaint describing the particular part or parcel purchased by each defendant ; that afterwards, and before the expiration of six months from the confirmation of said sale, the plaintiff, after giving the defendants due and legal notice that he would apply to redeem said property, tendered to the sheriff of Walla Walla County, in his office, during office hours, the amount of money necessary to redeem the same; that the said sheriff refused to receive the money so tendered, or to recognize the right of appellant to redeem said land ; and that the appellant now brings into Court and deposits with the clerk the amount of money so tendered to the sheriff ; that the defendants wrongfully and unlawfully, on the 2d day of January, 1875, severally entered upon the premises purchased by them at the mortgage sale, and have ever since and now hold the same ; that by reason of the wrongful refusal to permit appellant to redeem, and the unlawful deprivation of his possession by the defendants, he has been damaged in rents, issues, profits, etc.; that the defendants each hold deeds to the property pur-

chased by them at the mortgage sale, made to them by the sheriff of Walla Walla County, which deeds are of record, and are fraudulent and void.

The complaint prays that the deeds executed to the defendants by the sheriff be declared null and void; that the sheriff, as a Commissioner of the District Court, be required to make and deliver to plaintiff a good and sufficient deed to said property, and that plaintiff be let into possession of the same ; that plaintiff have and recover damages for the unlawful detention of the possession of the property, and for general relief.

The defendants demurred to the complaint, because :

1.  It does not state facts sufficient to constitute a cause of action.

2.  Several causes of action have been improperly united in the complaint.

The lower Court sustained the demurrer, and the plaintiff, declining to amend his complaint, brings the cause to this Court by appeal.

The appellant bases his right to redeem the property upon the provisions of the Civil Practice Act of 1873, Chapter 33, which governed his rights at the time of the mortgage sale ; and of the offer to redeem.

This chapter is substantially the same as Chapter 34 of the Code of 1881, except that Sec. 379 of the Code is not found in the law of 1873.    The exclusion of the right to redeem from mortgage sales is made plain and unmistakable in the Code of 1881, by the addition of the last named section.    We think the same conclusion must be reached upon a consideration of the law of 1873, notwithstanding the absence of a provision analogous to that contained in Sec. 379.    Chapter 33 of the Act of 1873 deals entirely with executions at law, and the right to redeem, granted by Secs. 364, 365 and 366 of that act, does not in terms, or by fair implication, extend to property sold in any other manner.

The act explicitly defines what an execution shall be.    (Secs. 321, 322 and 323.)

This execution is entirely different from the order of sale issued by the clerk upon a decree of foreclosure.    (Sec. 565.)

The conclusion that property sold under the decree of the District Court to satisfy a mortgage is not subject to redemp-

tion under the Act of 1873, is enforced by a consideration of the nature of mortgages under our system, and by the effect of our foreclosure proceeding. A mortgage of real property in this Territory does no more than create a lien. In the apt language of a learned author, " the debt is the principal fact, and the mortgage is wholly incidental or collateral thereto, and intended to secure its payment. The right or interest of the mortgagee, from being a legal estate is changed into an equitable right, enforcable by an equitable proceeding ; it is for all purposes and under all circumstances personal assets ; it may be assigned, and passes to the mortgagee's personal representatives on his death. * * *

" The mortgagee's interest being a mere lien, it is wholly destroyed, and the mortgagor's estate is left free and unencumbered by a payment of the debt secured by it at *any* time before the premises are actually sold under a decree of foreclosure." (Pomeroy's Equity Jurisprudence, Sec. 1188.)

The proceeding to foreclose such a mortgage is entirely different from that to foreclose the equity of redemption, which, to meet the hardships of the common law conception of a mortgage, was a creation of the Courts of Equity. Under our theory of a mortgage, there is no such thing as an equity of redemption in the mortgagor. The legal title has never passed from him. The equity is in the mortgagee, and consists in his right to have the mortgaged property sold to secure the payment of the mortgage debt. This being so, a provision which permitted property sold under a decree of foreclosure to be redeemed from the purchaser by the mortgagor within six months, would diminish the security which the mortgagee has by the terms of the mortgage for the payment of his debt. Property sold free from the right to redeem, would ordinarily bring a better price than property sold subject to the right to redeem. It is not to be supposed that it was the intention of the law to alter the contract which the parties have made for themselves, and to impose an onerous condition upon one of them not provided in the contract. Unless the language of the law is plain and conclusive, when the security is ample, no doubt a Court of Equity, by virtue of its inherent equitable power, may impose as a condition of sale the right of the mortgagor to redeem upon proper conditions within a certain time. But in the absence of

any such condition in the decree of foreclosure, the sale is absolute.

The decree need not bar the equity of redemption, because there is no such thing.   Whether or not it shall affirmatively provide for a redemption, is a matter for the conscience of the Chancellor, upon a view of the facts of the case.

This view of the law is conclusive of this cause.   The demurrer to the complaint was rightfully sustained.

The demurrer was properly sustained upon another ground. The cause of action, if any were in the plaintiff, accrued in the year 1875.

The complaint in this case was not filed until May 15, 1884. The limitation for such an action is that provided by Section 33 of the Code, and is two years.   (*Hubbell* v. *Sibley*, 50 N. Y. Court of Appeals, 498; *Miner* v. *Beekman et al.*, 50 N. Y. Court of Appeals, 337.)

The judgment of the Court below is affirmed.

We concur : ROGER S. GREENE, Chief Justice.
JOHN P. HOYT, Associate Justice.