[No. 3388. Decided April 16, 1901.]

C. DeROBERTS, *Appellant*, v. RICHARD H. STILES *et ux.*, *Defendants*, J. W. FRY *et ux.*, *Respondents*.

APPEAL — NOTICE — SERVICE BY MAIL.

Service of a notice of appeal by mail is sufficient, under Bal. Code, §§ 4890, 4891, 6504, when the person making the service and the person upon whom service is made reside in different places between which there is regular communication by mail.

SAME — APPEAL BOND — AUTHORITY OF ATTORNEY TO SIGN.

An attorney has authority to sign his client's name to an appeal bond.

SAME — SUFFICIENCY — GUARANTY COMPANY AS SURETY — SIGNATURE BY ATTORNEY IN FACT.

An appeal bond upon which the surety is a guaranty company whose name is signed by its attorney in fact is not defective in form because evidence of his authority to so sign was not filed with the bond.

SAME — JUSTIFICATION BY GUARANTY COMPANY.

Where the surety upon an appeal bond is a guaranty company, no justification by the surety is required, under the terms of Bal. Code, § 1534.

SAME — SERVICE OF APPEAL BOND OR WRITTEN NOTICE ON RESPONDENT.

Service on respondent of the appeal bond or written notice of its filing is not mandatory under Bal. Code, § 6510, which provides that "any respondent may except to the sufficiency of the surety or sureties in an appeal bond, within ten days after the

service on him of the notice of appeal or within five days after the service on him of the bond or written notice of the filing thereof."

MORTGAGES — REDEMPTION BY MORTGAGOR'S GRANTEE — EFFECT.

A redemption from foreclosure sale by a grantee of the judgment debtor operates the same as if made by the judgment debtor himself, to extinguish the foreclosure proceedings, and the estate then stands as if no foreclosure sale had ever been made, and thereby revives the lien of a subsequent mortgage which would have been barred if no redemption had been made.

SAME — SUBROGATION.

The grantee of a person who has assumed and agreed to pay a mortgage cannot, on making payment, be subrogated to the rights of the mortgagee.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Reversed.

*Crow & Williams,* for appellant.

*Myers & Warren* and *James A. Haight,* for respondents.

PER CURIAM.—This cause is here on appeal from the superior court of Lincoln county. Respondents move to dismiss the appeal upon several grounds:

First. That the notice of appeal has not been served in the manner required by law. It is urged that the only service of the notice, as shown by the record, was by mail. We think service by mail is sufficient, under the authority of §§ 4890, 4891, 6504, Bal. Code, when the person making the service and the person upon whom service is to be made reside in different places between which there is regular communication by mail, as was the case here.

Second. That appellant has not filed a bond on appeal, such as the law requires, for the reason that the bond is signed by the attorneys' for appellant as principal, and the surety signs by attorney in fact, without filing with the bond evidence of authority to sign. The record shows

that a bond was in fact filed. Under the provisions of § 19, p. 79, Sess. Laws 1899, the appeal should not be dismissed even if we deemed the bond defective in form, but it would be our duty to order a proper bond to be filed under such terms as might seem to us just. We do not, however, think the bond defective in form. The appellant's name may be signed to an appeal bond by his attorney. *Pennsylvania Mtge. Investment Co. v. Gilbert,* 18 Wash. 667 (52 Pac. 246). The bond shows upon its face that the surety is a guaranty company. The objection that the surety signed by attorney in fact, and that no evidence of authority to sign was filed, is not well taken, for the reason that the omission to file such authority does not make the bond defective in form; and, if respondents desired to challenge the sufficiency of the surety, they should have done so in the superior court under the provision of § 6510, Bal. Code.

Third. That appellant has not served respondents with a copy of the bond, or notice of the filing thereof. To make the appeal effectual, an appeal bond must be filed at or before the time when notice of appeal is given or served, or within five days thereafter. Bal. Code, § 6505. Again,

"Any respondent may except to the sufficiency of the surety or sureties in an appeal bond, within ten days after the service on him of the notice of appeal or within five days after the service on him of the bond or written notice of the filing thereof." Id. § 6510.

Notice of appeal having been served, respondents were charged with knowledge, under § 6505, *supra,* that within five days thereafter appellants must file an appeal bond in order to make their appeal effectual. The section does not provide that the bond or written notice of the filing thereof shall be served upon respondents. The only real purpose of such service would be to give respondents an

opportunity to except to the sufficiency of the bond. But § 6510, *supra*, gives to respondents ten days from the date of service of the appeal notice to make such objection, and they must know that at the expiration of five days from the service of the notice of appeal an appeal bond is on file, and they have, therefore, at least five days more within which to call at the clerk's office, examine the bond, and lodge their objections thereto. Respondents' counsel construe the words in § 6510, "or within five days after the service on him of the bond or written notice of the filing thereof," to mean that the bond or a written notice of the filing thereof must in all cases be served. We do not so construe the statute. We think it means that appellant may make such service if he chooses to do so, and, when such service is made, then respondents must object within five days thereafter; but, if such service be not made, then respondents have ten days from the service of the appeal notice within which to object.

Fourth. That the surety on said appeal bond did not justify as required by law, or at all. The bond shows upon its face that the surety is a guaranty company. Section 1534, Bal. Code, provides that "no justification by such company shall be necessary or required." The motion to dismiss the appeal is therefore in all particulars denied, and we will now discuss the merits of the case.

The action is for the foreclosure of a mortgage upon certain real estate in Lincoln county. There is no statement of facts brought here with the record, but the cause is submitted upon the court's findings of facts and conclusions of law. No exceptions were taken to the findings of facts, but the appellant excepts to the second conclusion of law, in which the court concludes from the facts that the foreclosure of appellant's mortgage should be denied, and the cause dismissed, as against the owners of the

land.  Briefly stated, the facts as found by the court are
as follows:   That on the 26th day of April, 1893, one
Henry Neilson was the owner in fee simple of certain land,
which is described, and he was at all times mentioned an
unmarried man; that on said date said Neilson executed
his promissory note to the Northern Counties Investment
Trust, Limited, a corporation, for $1,600; that for the pur-
pose of securing the payment of said note said Neilson on
said date executed to said corporation his mortgage upon
the land described; that on the same date said Neilson
sold said real estate to the defendant Richard H. Stiles
for the sum of $5,100, and executed and delivered to said
Stiles his warranty deed for the same; that in said war-
ranty deed, and by the terms thereof, the said Stiles as-
sumed and agreed to pay said $1,600 mortgage above men-
tioned, the said $1,600 being part of the purchase price
paid by said Stiles to said Neilson for said real estate;
that on the same date, for the purpose of securing the pay-
ment of the balance of the purchase price for said real
estate, to-wit, the sum of $3,500, the said Stiles and wife
executed and delivered to said Neilson their promissory
note for the sum of $3,500, payable five years after date;
that for the purpose of securing the payment of said note
said Stiles and wife on said date executed and delivered
to said Neilson their mortgage upon said real estate,
which mortgage was duly recorded on the 6th day of May,
1893; that on the 12th day of December, 1896, default
having been made in some of the conditions of said $1,600
mortgage, the said Northern Counties Investment Trust,
Limited, began an action to foreclose said mortgage in
the superior court of Lincoln county, and that said Neil-
son, who was then the holder of the $3,500 mortgage, and
the said Stiles and wife, were made parties defendant
therein; that afterwards, to-wit, on the 12th day of April,

1897, a decree of foreclosure was duly and regularly entered in said cause, wherein it was decreed that plaintiff should recover judgment for $2,096.64, and for attorney's fees and costs, and that said real estate should be sold for the satisfaction of said judgment; that afterwards, to-wit, on the 17th day of May, 1897, the sheriff of said county sold said real estate at execution sale, under and by virtue of an execution and order of sale issued in pursuance of said decree, to said Northern Counties Investment Trust, Limited, the plaintiff in said cause, for the sum of $2,315.92, the same being the amount due plaintiff under said decree, and the said sheriff issued to said purchaser a certificate of sale for said real estate; that afterwards, to-wit, on the 14th day of May, 1898, said Stiles and wife, by quitclaim deed of that date, for the consideration of $1, conveyed said real estate to the defendant J. W. Fry; that at the time of taking said quitclaim deed said Fry had notice of the existence of the $3,500 mortgage aforesaid; that on the 14th day of May, 1898, after obtaining said deed from said Stiles and wife, said Fry proceeded to redeem, and did redeem, the said real estate from the said sheriff's sale, and did pay to the sheriff of said Lincoln county on said redemption the amount due on said certificate of sale, to-wit, the sum of $2,593.85; that in pursuance thereof the said sheriff did, on the 17th day of May, 1898, execute and deliver to said Fry a certificate of redemption for said real estate, and the same was thereafter recorded on the same day in the auditor's office of Lincoln county; that said Northern Counties Investment Trust, Limited, received from said sheriff the said sum of $2,593.85, so paid by defendant Fry for the purpose of redemption of said real estate, and did receive said money in full satisfaction of its claim under said certificate of sale; that on the 24th day of June,

1898, said Neilson, being then the owner of said $3,500 note and mortgage, duly assigned the same in writing to the plaintiff, De Roberts; that said assignment was duly recorded on the 29th day of June, 1898, and plaintiff has been ever since said 24th day of June, 1898, and is now, the legal owner and holder of said mortgage; that in purchasing said real estate on the 14th day of May, 1898, and in the redemption thereof shortly thereafter, the said Fry acted in his own behalf and in the best of faith, and there was no conspiracy between said Fry and said Stiles, and no understanding or agreement that Fry was to redeem said land for the use and benefit of Stiles, that no payments have been made upon said $3,500 note set forth in the complaint, and that the defendants Richard H. Stiles and Mary C. Stiles, his wife, are now indebted to plaintiff on said note in the sum of $3,500, together with interest thereon from the 26th day of April, 1893, at the rate of 10 per cent. per annum; that they are further indebted to plaintiff in the sum of $200, which sum the court finds to be a reasonable attorney's fee in this action. Upon the foregoing facts the court found as conclusions of law that plaintiff is entitled to judgment against said Stiles and wife for the amount due upon their said note of $3,500, but that he is not entitled to a foreclosure of his mortgage upon said land, and that the defendants Fry and wife are entitled to a judgment dismissing this action as to them, with judgment against plaintiff for their costs. Judgment was accordingly entered, and the plaintiff, De Roberts, has appealed from said judgment.

The judgment of the court below, we apprehend, was based upon the theory that the then holder of the mortgage now in suit was made a party defendant to the former foreclosure proceedings on the $1,600 mortgage, and that,

as he did not set up any claim in that action under his mortgage, and did not redeem from the sale which was made under said foreclosure proceedings, his mortgage is now barred. If title had passed by the sheriff's sale to a purchaser, that would undoubtedly be true. In that event all rights of the second mortgagee or his assignee would have been forever barred. But that is not the case presented here. When Fry took the title to this land by the quitclaim deed from Stiles, he stood in Stiles' shoes in all particulars, so far as his relation to this land was concerned. At the time Stiles deeded to Fry, he (Stiles) had the right to redeem from the mortgage sale, and by so doing the effects of the sale would have been determined, and he would have been restored to his estate. 2 Hill's Code, § 515. This court has said in *Singly v. Warren,* 18 Wash. 434, 445 (51 Pac. 1066, 1069, 63 Am. St. Rep. 896):

"A certificate of sale executed by a sheriff does not pass title. At most, it is only evidence of an inchoate estate, which may or may not ripen into an absolute title."

In any event, aside from the question of where the title rests during the redemptionary period, the section of the statute above cited provides for a complete restoration of the estate upon redemption being accomplished. The estate stands as if no sale had ever been made. Stiles, by his deed to Fry, transferred his right of redemption to Fry, and, when Fry redeemed, the estate was restored, as if no sale had been made.

"When the redemption is made by the defendant or his heirs, devisees, grantees, etc., the sale of the premises so redeemed and the certificates of such sale shall be null and void; the proceeding is at an end." *Phyfe v. Riley,* 15 Wend. 248, 252 (30 Am. Dec. 55).

"He was the grantee of the judgment debtor, and the owner of the land, subject only to the rights of the pur-

chaser, at the sale on execution, and the lien of the Mc-Carty mortgage. He cannot be said to have had a lien upon the land. He was the owner of the fee. Redemption by him did not have the effect of transferring to him the rights of the purchaser, subject to be defeated by other redemptioners; it terminated the sale, and restored him to his estate exactly as it was before the sale took place, except that the judgment upon which the sale was made was satisfied. All other liens, prior and subsequent, remained unimpaired." *Warren v. Fish,* 7 Minn. 432, 440.

"Upon principle it is difficult to see wherein the rights of a successor in interest redeeming are to be distinguished from those of the judgment debtor himself. The statute gives the right of redemption to the judgment debtor or successor in interest, but declares that when the judgment debtor shall redeem, the effect of the same shall terminate, and he shall be restored to his estate. A conveyance by the debtor can confer no greater rights than he himself had. It cannot disencumber the property, or give a better or superior title. The successor is not a *bona fide* purchaser for value, but simply occupies the shoes of his predecessor with no new or enlarged rights or privileges, and can neither exercise nor enjoy any that the judgment debtor did not possess or could not have enjoyed." *Flanders v. Aumack,* 32 Ore. 19 (51 Pac. 447, 449, 67 Am. St. Rep. 504).

Respondents' contention that the grantee of the judgment debtor has greater rights than the judgment debtor himself cannot, therefore, prevail. The contention that the judgment in foreclosure barred appellant's mortgage must also be denied, for the reason that the redemption by the owner of the land extinguished the foreclosure proceedings. Redemption by a mortgagee or any other redemptioner than the owner of the land would have led to a different result. Such a one would have been entitled to a sheriff's deed transferring the absolute title to him, unless appellant

had redeemed from such redemption under the statute. A sheriff's deed to such a one would then have made the foreclosure proceedings an absolute bar to appellant's mortgage.

Respondents urge that, in any event, if appellant's mortgage is held to be an existing lien upon the land, Fry, having paid the amount of the first mortgage, must be subrogated to the rights of the first mortgagee. We think not. In *Goodyear v. Goodyear*, 72 Iowa, 329 (33 N. W. 142), it is held that neither the purchaser of land subject to a mortgage which he assumed and paid, and which formed part of the purchase price, nor his grantee, is entitled to subrogation to the rights of the mortgagee as against a judgment creditor of the mortgagor whose judgment had been rendered at the time the land was bought by the purchaser. We think the court erred in its second conclusion of law. We hold that appellant's mortgage is a valid and subsisting lien against the land, and that he is entitled to a decree of foreclosure. The judgment is therefore modified in this, to-wit: That part of the judgment appealed from shall be vacated, and a decree foreclosing appellant's mortgage against said land shall be entered, with costs taxed against respondents Fry and wife.