[No. 17755.   Department One.   July 5, 1923.]

## J. S. BOLLONG et al., Appellants, v. ALPHA L. CORMAN, Defendant, JAMES H. BUCHANAN, as Executor etc., et al., Respondents.[1]

SUBROGATION (6)—ASSUMPTION OF MORTGAGE—PAYMENT BY MORTGAGOR. As against the purchaser of mortgaged premises who assumed and agreed to pay the mortgage as part of the purchase price, the mortgagor, upon paying a deficiency judgment on foreclosure, is entitled to be subrogated to the rights of the mortgagee.

SUBROGATION (6, 8)—MORTGAGES (227)—ASSUMPTION OF MORTGAGE—LIABILITY OF GRANTEE—PAYMENT BY MORTGAGOR—RESTORING LIEN. Under the rule that subrogation is freely applied whenever dictated by equity and good conscience, where the purchaser of mortgaged premises who had assumed and agreed to pay the mortgage as part of the purchase price redeemed the property from a foreclosure sale which left a deficiency judgment for which the purchaser was primarily liable, but which was paid by the mortgagor, the original lien of the mortgage is restored in favor of the mortgagor, who is entitled to have the property resold for the payment of the deficiency.

LIS PENDENS (7, 9)—OPERATION AND EFFECT—PURCHASERS PENDING SUIT—BONA FIDE PURCHASERS. Where a *lis pendens* was filed in an action brought by a mortgagor to be subrogated to the rights of the mortgagee, and to restore the lien of a foreclosed mortgage, as against a purchaser who had assumed and agreed to pay the mortgage, the parties who appeared and defended the action and their

[1]Reported in 217 Pac. 27.

attorney representing them therein, who procured a deed from the purchaser pending an appeal to the supreme court, are not *bona fide* purchasers, but took title *pendente lite*, and with actual notice of the right of the mortgagor to the subrogation.

Appeal from a judgment of the superior court for King county, French, J., entered September 14, 1922, upon findings in favor of certain defendants, in an action for equitable relief, tried to the court. Reversed.

*O. O. Felkner* and *Rummens & Griffin,* for appellants.

*H. E. Foster* and *Carl J. Smith,* for respondents.

Holcomb, J.—Various matters involved in the transactions between some of these parties have been before us in *Buchanan v. Schubach,* 106 Wash. 399, 180 Pac. 407, and *Bollong v. Corman,* 117 Wash. 336, 201 Pac. 297.

When the case last cited was remanded for retrial by the superior court and tried, it was found as a fact that the defendant Corman had orally personally assumed and agreed to pay the mortgage of the Bollongs to Buchanan, as executor of the last will and testament of William H. Gamidge, deceased. The trial court, however, refused to relieve against the respondents by way of subrogating appellants to the rights of Buchanan, as executor of the mortgagee, in and to the real estate as against defendant Corman and the respondents herein.

Many of the facts leading up to the transaction involved herein are referred to in the former decisions and will not be repeated here.

The trial court, having specifically found that the real estate in question was sold to defendant Corman subject to the mortgage which had been foreclosed by Buchanan, executor, against the Bollongs, and that defendant Corman, as part of the consideration for the

transfer, assumed and agreed to pay the mortgage indebtedness of the Bollongs, should have granted the subrogation of appellants to the rights of the mortgagee and granted a resale of the premises in their favor.

The record in this case shows, although the documentary evidence thereof was rejected by the trial court, that defendant Corman redeemed from the mortgage foreclosure sale as a judgment debtor, and in that case the mortgage lien is retained. *DeRoberts v. Stiles,* 24 Wash. 611, 64 Pac. 795. Upon such redemption by the judgment debtor of his grantee, the original lien is restored, and the property may be resold for any balance remaining unpaid of the original judgment, or of any judgment which was a lien upon the property prior to the original sale. As was said by this court in *Murray v. O'Brien,* 56 Wash. 361, 105 Pac. 840, 28 L. R. A. (N. S.) 998, and later approved in *Moody v. Isselstein,* 106 Wash. 294, 179 Pac. 855.

"The remedy of subrogation is no longer limited to sureties or quasi sureties, but it is freely applied by courts of equity in all cases where good conscience and equity dictate that a debt paid by one under any sort of legal coercion ought to be paid by another."

In the original action which was before this court in 106 Wash. 399, *supra,* the mortgagee sought and took no affirmative relief against Miss Corman, and could have done nothing which, as between her and appellants, would defeat or prejudice the rights of either in any way. Neither did appellants voluntarily pay the demand of the mortgagee so as to subject themselves to the defense on the part of Miss Corman that they were not originally liable but had made a voluntary payment. When Miss Corman assumed and agreed to pay the mortgage, she, by operation of law, became the prin-

cipal, primarily bound to pay, instead of the Bollongs, and appellants then became sureties secondarily liable, but nevertheless liable to the judgment running in favor of the mortgagee. 37 Cyc. 465.

We are therefore of the opinion that appellants are entitled to be subrogated to the rights of Buchanan in the foreclosure case for the purpose of resale of the mortgaged property.

The question then arises how far this affects the rights of the other parties in this action.

Buchanan and wife permitted judgment by default. Subrogation to their rights cannot interfere with their foreclosure judgment. Respondent Smith and wife appeared and defended, and Smith, as attorney, appeared and defended for Anderson and Caulkins. Smith procured a deed from Miss Corman which, though rejected by the trial court, is before us, which recites that it is "subject to the existing indebtedness thereon." Moreover, Smith was an attorney for Miss Corman in the litigation pending herein, and took the deed with an appeal pending, and with actual knowledge of the facts. At the time of the commencement of the foreclosure proceedings, *Buchanan v. Schubach, supra,* a *lis pendens* was filed. At the time of the commencement of this action, a *lis pendens* was filed. Smith and wife are therefore, in the law, bound by the record, and took title *pendente lite,* and with actual notice besides. Caulkins and Anderson filed a joint answer through Smith, their attorney. Anderson testified at the trial that he did not loan the money to the defendant Corman, but had loaned it to respondent Smith, who was his agent, and that he relied solely upon Smith. He apparently, therefore, had no real interest in the land as a subsequent purchaser or encumbrancer, but Smith was the real party in interest. Caulkins is also un-

doubtedly bound by the *lis pendens,* and also by the fact that Smith, his attorney, had notice of all facts and of the proceedings, and Caulkins is bound by his notice. 21 R. C. L. 838.

Hence, under the facts, respondents Smith, Anderson and Caulkins are not *bona fide* purchasers or encumbrancers for value without notice.

The judgment is reversed, with instructions to grant a decree subrogating the appellants to the rights of the mortgagee as against defendant Corman and all of the defendants and respondents subsequent to her in the case, and proceed accordingly.

MAIN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.