[No. 18780. *En Banc.* June 9, 1925.]

A. M. FORD, *Respondent,* v. NOKOMIS STATE BANK, *Appellant.*[1]

EXECUTION (73-1)—REDEMPTION—LIEN OF DEFICIENCY JUDGMENT ON REDEMPTION BY GRANTEE OF JUDGMENT DEBTOR. Under Rem. Comp. Stat., § 595, authorizing the judgment debtor or his successor in interest to redeem property sold under execution, where the property is sold for less than the amount of the judgment and redeemed by the grantee of the judgment debtor, it can be again sold under execution on the deficiency remaining on the judgment after the first sale (TOLMAN, C. J., BRIDGES, MAIN, and MACKINTOSH, JJ., dissenting).

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 17, 1924, in favor of the plaintiff, enjoining an execution sale, after a trial on the merits to the court. Reversed.

*A. O. Colburn* and *D. R. Glasgow,* for appellant.

*W. H. Winfree* and *Geo. F. Cowan, Jr.,* for respondent.

HOLCOMB, J.—The sole question to determine on this appeal is whether, when property has been once sold under a judgment and execution sale for less than the amount of the judgment, and thereafter redeemed by the grantee of the judgment debtor, it can again be sold under execution on the deficiency remaining on the judgment after the first sale. It must be admitted that there is great latitude for diversity and choice of opinions. His Honor, the trial judge, after tracing the course of legislation in this state, and other states of similar character, and after analyzing the provisions of the various statutes, came to the conclusion that such deficiency levy could not be made, and enjoined it.

[1]Reported in 237 Pac. 314.

He held that the decision of this court in *DeRoberts v. Stiles,* 24 Wash. 611, 64 Pac. 795, is of no effect now for the reason that the statute now existing is radically different from the statute which was there considered.

The code of 1881, in ch. 33, §§ 350 to 380, inclusive, containing legislation dating back to 1873, provided for sales under execution in judgments at law, and for redemption therefrom within six months after the certificate of sale had issued, but did not provide for redemption from mortgage foreclosure sales. *Parker v. Dacres,* 2 Wash. Terr. 439, 7 Pac. 893. After the decision in the above case, in July, 1885, the territorial legislature passed an act (Territorial Laws of 1886, p. 116), which was afterwards codified in Hill's Code of Washington as § 513, Vol. 2, which reads:

"The judgment debtor, or his successor in interest, may redeem any real estate sold under execution of judgment or foreclosure of mortgage at any time within one year from the date of the sale, by paying the amount of purchase-money, with interest at the rate of one per centum per month thereon from the date of sale, together with the amount of any taxes which the purchaser may have paid."

The Code of 1881 and the Act of 1886 remained in force, relating to execution sales and redemption therefrom, up to 1897, when an act was passed by the legislature providing for a complete and elaborate system of valuation of property to be sold under execution sale, for redemptions, and provided that property so sold "shall not again be subject to execution sale for the same claim, judgment or demand, or for any deficiency thereof." (Laws of 1897, p. 75.)

That act manifestly provided for but a single redemption which might be made either by the judgment debtor, his successors or assigns, or any redemptioner, and did not provide for successive redemptions. That

act was repealed by the very next legislature, which passed an act covering the entire subject of execution and judicial sales and redemption therefrom. Laws of 1899, ch. 53, p. 85.

In the Code of 1881, the period of redemption was limited to six months. Under § 515, Hill's Code, § 374, Code of 1881, it is provided that, "if the judgment debtor redeem at any time before the time of redemption expires, the effects of the sale shall be determined, and he shall be restored to his estate." This was an existing law at the time of the decision in *DeRoberts v. Stiles, supra,* and we held that that section provided for a complete restoration of the estate upon redemption being accomplished. It was said:

"The estate stands as if no sale had ever been made. Stiles, by his deed to Fry, transferred his right of redemption to Fry, and, when Fry redeemed, the estate was restored, as if no sale had been made.

" 'When the redemption is made by the defendant or his heirs, devisees, grantees, etc., the sale of the premises so redeemed and the certificates of such sale shall be null and void; the proceeding is at an end.' *Phyfe v. Riley,* 15 Wend. 248 (30 Am. Dec. 55)."

Quotations were also made in that decision from the decisions in the cases of *Warren v. Fish,* 7 Minn. 432, and *Flanders v. Aumack,* 32 Ore. 19, 51 Pac. 447. It was then stated that,

"Respondent's contention that the grantee of the judgment debtor has greater rights than the judgment debtor himself cannot, therefore, prevail."

While the statutes now in force contain §§ 578 to 593, inclusive, Rem. Comp. Stat. [P. C. § 7893 *et seq.*], are more elaborate and provide for successive redemptions, define who are redemptioners and are also somewhat vague in some provisions, they are not materially different in effect from the provisions of the Act of

1881, as codified in Hill's Code, passed upon in *DeRoberts v. Stiles, supra.*

That case also approved 'the reasoning and decision in *Flanders v. Aumack, supra,* which the trial judge, because of some different provisions of the Oregon statutes, and because our laws were amended after the decision therein, thought were not applicable to the situation here.

Our present law is in part, § 595, Rem. Comp. Stat. [P. C. § 7910], reading:

"The judgment debtor or his successor in interest, or any redemptioner, may redeem the property at any time within one year after the sale, on paying the amount of the bid, with interest thereon at the rate of eight per cent per annum to the time of redemption, together with the amount of any assessment or taxes which the purchaser or his successor in interest may have paid thereon after purchase, and like interest on such amount; and if the purchaser be also a creditor having a lien by judgment, decree or mortgage, prior to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien with interest."

The last paragraph of the section, "and if the purchaser be also a creditor having a lien by judgment, decree or mortgage, prior to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien with interest," causes some discussion and apparent uncertainty, and this is said to be the most material difference between the present statute and the former ones. But we think this last paragraph is plain. It simply means that, if the purchaser, whether it be the original judgment creditor, or some other, be also a creditor having a lien by judgment, decree, or mortgage, prior to that of the redemptioner, as defined in another section of the statute, other than the judgment under which the

sale was made, such other or additional lien with interest shall also be paid by the redemptioner. Section 594, Rem. Comp. Stat. [P. C. § 7909], reads as follows:

"Property sold subject to redemption, as above provided, or any part thereof separately sold, may be redeemed by the following persons, or their successors in interest:—

"1. The judgment debtor or his successor in interest, in the whole or any part of the property separately sold.

"2. A creditor having a lien by judgment, decree or mortgage, on any portion of the property, or any portion of any part thereof, separately sold, subsequent in time to that on which the property was sold. The persons mentioned in subdivision two of this section are termed redemptioners."

Section 597 [P. C. § 7912], includes a provision that "If the judgment debtor redeem, he must make the same payments as are required to effect a redemption by the redemptioner. If the judgment debtor redeem, *the effect of the sale is terminated and he is restored to his estate.*" (Italics ours.)

The Oregon statutes in force at the time of our decision in *DeRoberts v. Stiles, supra,* and at the time of the decision of the supreme court of Oregon in *Flanders v. Aumack, supra,* were very similar. They were first enacted in 1862, and were codified in Olson's Oregon Laws, as §§ 244 to 250, inclusive.

Section 245 of Olson's Oregon Laws reads as follows:

"Who May Redeem. Property sold subject to redemption, as provided in the last section, or any part thereof separately sold, may be redeemed by the following persons:

"1. The mortgagor or judgment debtor whose right and title were sold, or his heir, devisee, or grantee, who has acquired by inheritance, devise, deed, sale or by virtue of an execution, or by any other means, the

legal title to the whole or any part of the property separately sold; . . .

"2. A creditor having a lien by judgment, decree, or mortgage, on any portion of the property, or any portion of any part thereof separately sold, subsequent to that on which the property was sold.

"The persons mentioned in subdivision two of this section after having redeemed the property, are to be termed redemptioners."

It will be observed that the provisions of the above section 245 Olson's Oregon Laws, are, in effect, the same as the provisions of our § 594, Rem. Comp. Stat. Section 246, Olson's Oregon Laws, provides:

"A lien creditor may redeem the property within sixty days from the date of the order confirming the sale by paying the amount of the purchase money, with interest at the rate of ten per cent per annum thereon from the time of sale, together with the amount of any taxes which the purchaser may have paid thereon, and if the purchaser be also a creditor having a lien prior to that of the redemptioner, the amount of such lien with interest."

The above is similar in effect to our provisions for redemption by creditors, and the last part of the section is the same, in effect, as the last part of § 595, Rem. Comp. Stat.

Respondent in his brief states that the foregoing statutes which were quoted by appellant in its brief here, is the 1917 enactment of the state of Oregon, and not the law in force at the time of the decision in *Flanders v. Aumack, supra.*

We have examined the 1917 enactment of the state of Oregon, and compared it with the codified laws of Oregon (Olson's Oregon Laws), and find that the 1917 enactment, so far as we can find, amends only § 249 of Olson's Oregon Laws, which provides for conveyance to purchaser or redemptioner, and in no wise affects

any of the other sections of the statutes of redemption. The law on the question involved in Oregon is, therefore, apparently, the same as it was at the time of the decision in *Flanders v. Aumack, supra.*

The course of legislation in the state of California upon redemptions was very similar to, but antedated, that of this state. The supreme court of California, in *Simpson v. Castle,* 52 Cal. 644, overruled a line of earlier decisions which permitted a judgment-creditor to levy upon the land which had been sold and redeemed and recover a deficiency judgment. It was contended that, since our legislature adopted, in effect, the legislation of California, it also adopted its judicial construction thereof when it had been pronounced prior to the enactment here. We find that the California courts have not been consistent with the rule they announced in *Simpson v. Castle, supra;* for in *Phillips v. Hagart,* 113 Cal. 552, 45 Pac. 843, the supreme court of California held that a grantee by deed from a judgment debtor after foreclosure sale, is a successor in interest and not a redemptioner, and is entitled to all rights of redemption given by the statute to his grantor, to be exercised in the same manner. Again, in *Bateman v. Kellogg,* 59 Cal. App. 464, 211 Pac. 46, the district court of appeals of California, in a decision which seems to have become final, held that a redemption by the successor in interest of a judgment debtor, under the California Code of Civ. Proc., § 701, subd. 1, terminates the sale, and vests the title in such successor in interest. Sections 700, 701 and 702, California Code of Civ. Proc., contain most of the amendatory acts referred to in these cases and the *Simpson* case is ignored.

The decision of the California court in *Simpson v. Castle, supra,* has been criticized by other courts; but in *Flanders v. Aumack, supra,* approved by our case of

*DeRoberts v. Stiles, supra,* the supreme court of Oregon thought that the provisions of the statutes of California and Oregon were substantially different.

As was stated by Wolverton, Judge, in *Flanders v. Aumack, supra:*

"The authorities are practically uniform that a redemption by the judgment debtor of his lands sold under execution will reinstate the lien of the judgment for any balance remaining unpaid, and subject the lands to a resale to satisfy such balance."

Respondent admits this rule, but asserts that there were sufficient differences in the statutes of Oregon and Washington at that time, and at this time, to distinguish that case, and the cases exhaustively analyzed in that opinion, and that in any event the rule does not, and should not, extend to the grantee of the judgment debtor.

In *Schmidt v. Olympia Light & Power Co.,* 46 Wash. 360, 90 Pac. 212, the *DeRoberts* case, *supra,* was followed, the court declaring that the judgment debtor redeeming, and its grantees, were in the same position they would have occupied had no certificate of sale been issued to the purchaser at the foreclosure sale. In *Bollong v. Corman,* 125 Wash. 441, 217 Pac. 27, we also followed the *DeRoberts* case, although it was not entirely necessary to the decision of the case, since the grantee of the judgment debtor in the case had made herself liable to the principal debtor, and there announced that, "Upon such redemption by the judgment debtor of his grantee, the original lien is restored, and the property may be resold for any balance remaining unpaid of the original judgment, . . ."

In *McQueeney v. Toomey,* 36 Mont. 282, 92 Pac. 561, that court criticized the decision of the California court in the *Simpson* case, pointing out that the Cali-

fornia court was wrong upon the question involved
here for the reason that,

" ' . . . at the time the decision was rendered
there was a statute in that state providing that a sale
on execution vested in the purchaser the legal title to
the property. This provision was overlooked by the
court in *Simpson v. Castle,* as was afterwards held in
*Pollard v. Harlow,* 138 Cal. 390, 71 Pac. 454; and *Leet
v. Armbruster,* 143 Cal. 663, 77 Pac. 653. Our code
provision is the same as that of California, and reads
as follows: 'Sec. 1233 (Code Civ. Proc.). Upon a sale
of real property, the purchaser is substituted to and
acquires the right, title, interest and claim of the judg-
ment debtor thereto; and when the estate is less than a
leasehold of two years unexpired term, the sale is abso-
lute . . . ' We find, then, that the legal title leaves
the judgment debtor and vests in the purchaser, sub-
ject, however, to the right of redemption."

The contrary is true in this state, for in this state
we have consistently held from *Singly v. Warren,* 18
Wash. 434, 51 Pac. 1066, 63 Am. St. 896, to *Cochran v.
Cochran,* 114 Wash. 499, 195 Pac. 224, 198 Pac. 270,
that a certificate of sale executed by a sheriff does not
vest title; that at most it is only evidence of an incho-
ate estate that may or may not ripen into an absolute
estate. While a purchaser at a judicial sale may be
entitled to the immediate possession, and rents and
profits of the property, he cannot be said to hold the
title unless he holds a deed in pursuance of the sale.

The Montana court was also of the opinion, with
which we concur, that the later California cases have,
in effect, overruled the *Simpson* case on that point.

There can be no question but that, if the judgment
debtor in this case had redeemed from the judgment
himself, he would have had to pay the amount the
property was sold for and the amounts specified in
§ 595. His successor in interest is also bound to pay
such sums. Had the judgment debtor redeemed and

then transferred his estate to another, undoubtedly the grantee would have stood exactly in his shoes. How can it be said that, because he took title without his grantor having redeemed, he stands in any better position than his grantor, in whose hands the estate would be subject to execution for the deficiency on the judgment?

If, as the vast majority of the cases hold, upon redemption by a judgment debtor of his land sold under execution, the lien of the judgment for any balance remaining unpaid is reinstated, and the lands subjected to resale to satisfy such balance, it is difficult to see any reason or justice in permitting him to evade his legal obligation by simply transferring his title to another. The statute reads that the judgment debtor or his successor in interest may redeem by paying the amount of the bid, with interest, taxes, etc. We consider that this means that the successor in interest is subjected to the same legal results and burdens as the judgment debtor would be subjected to. We are not inclined to hold with the reasoning of the minority holding to the contrary.

For the foregoing reasons the decree of the trial court is reversed.

ASKREN, PARKER, FULLERTON, and MITCHELL, JJ., concur.

BRIDGES, J. (dissenting)—I dissent because I think § 595, quoted in the foregoing opinion, shows that any judgment under which a sale has been made ceases to be a lien on the land sold regardless of who may redeem. In other words, if a sale of land be made under a judgment, the latter is forever dead as to that particular land.

TOLMAN, C. J., MAIN, and MACKINTOSH, JJ., concur with BRIDGES, J.