FRED T. BRASTRUP v. FANUEL ELLINGSON, Gunnar Ellingson, and the Farm Mortgage, Loan, & Trust Company, a Corporation.

(161 N. W. 553.)

Land sale — purchase money — executory contract — assignment of — pledge of — to creditor — mortgages same also — to same creditor — beneficial interest — hypothecation of.

1. Where a debtor assigns by way of pledge his right to recover purchase money from one who has purchased land from him under an executory contract, and also mortgages his interest in the land to the same creditor, the pledge and the mortgage are linked, and the whole transaction is considered as an hypothecation of the beneficial interest of the debtor in the contract and in the land.

Decree in foreclosure — vendor's interest in the land contract — mortgage — separate sales — creditor — highest bidder — parts of one security transaction.

2. Where, in pursuance of a decree of foreclosure, the vendor's interest in the land contract and his interest in the land are subjected to separate sales, and both are sold to the creditor as the highest bidder, the two instruments,

the contract and the mortgage, do not lose their identity as parts of the one security transaction.

**Vendor — assignee — redemption by — from land contract foreclosure — unpaid creditor — subject to equities in favor of.**

3. The assignee of the vendor, who redeems the land contract by the payment of a nominal sum, for which the same was bid in at the sale, together with the statutory interest, takes the contract subject to equities existing in favor of the unpaid creditor.

**Unpaid creditor — purchaser of interest of debtor under land contract — substantial consideration — subsequent assignee of contract — for nominal sum — equity — priority right in.**

4. As between the unpaid creditor who has purchased the interest of his debtor as vendor under the land contract for a substantial sum, and a subsequent assignee of the contract merely, who redeems the contract as successor in interest to the vendor by the payment of a nominal sum, the former has a prior right in equity to the purchase money due under the contract.

Opinion filed January 19, 1917. Rehearing denied, February 28, 1917.

Appeal from the District Court of Foster County, *J. A. Coffey, J.* Affirmed.

*George H. Stillman,* for appellant.

The instant that the contract was executed and delivered to the respondents, the Ellingsons were vested with an equitable estate in the land covered by the contract, and became in effect the owners thereof, the situation being precisely the same as though Tucker had deeded said land to the Ellingsons and they had given back to him a mortgage to secure payment of the purchase price. This rule is well settled as the law. Nearing v. Coop, 6 N. D. 345, 70 N. W. 1044; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036; North Dakota Lumber Co. v. Haney, 23 N. D. 504, 137 N. W. 411; Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623.

Thereafter, Tucker's beneficial interest in the contract could only be measured by the amount due to him as the purchase price under the contract. Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036; Johnson v. Soliday, 19 N. D. 463, 126 N. W. 99; Nearing v. Copp, 6 N. D. 345, 70 N. W. 1044.

By assigning his vendor's contract to respondent the Mortgage Loan

and Trust Company, Tucker passed to such respondent all his beneficial interest in the premises covered, and the mortgage given amounted to no more than an equitable assignment of vendor's contract.    Foster v. Lowe, 131 Wis. 54, 110 N. W. 829; Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036; First Nat. Bank v. Edgar, 65 Neb. 340, 91 N. W. 404.

While Tucker owned the contract, he had the right to receive payment of the purchase money from Ellingsons, and this was his only beneficial interest.    This is what he assigned and sold to the Loan Company, respondent, and that is just what the company received by the purchase of the contract.    Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238.

A creditor has no standing in a court of equity to question a conveyance by his debtor which does not impair the security of his debt or delay him in the collection thereof.    Styles v. Dickey, 22 N. D. 515, 134 N. W. 702.

Brastrup, by his redemption from the sale, took the contract in the exact situation in which it was held by Tucker, prior to the pledge to the Loan Company, and by his redemption of the pledge the foreclosure and sale were wiped out and all claims of the Loan Company satisfied. Leet v. Armbruster, 143 Cal. 663, 77 Pac. 653; Styles v. Dickey, 22 N. D. 515, 134 N. W. 702; Spackman v. Gross, 25 S. D. 244, 126 N. W. 389.

*Edward P. Kelly,* for respondents.

The law is well settled in this state that where real estate is sold under a contract for a deed, the vendor holds the legal title in trust, and the vendee becomes the equitable owner of the land.    Nearing v. Coop, 6 N. D. 345, 70 N. W. 1044.

This doctrine applies, however, only in equity.    In law the relations of the parties are unchanged,—the vendor still has the legal title to the land and the purchaser retains the purchase price.    29 Am. & Eng. Enc. Law, 703; Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712, Ann. Cas. 1914B, 976; Miller v. Shelburn, 15 N. D. 183, 107 N. W. 51.

The mere docketing of a judgment against the vendee in a contract for deed creates no lien on the real estate.    Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712, Ann. Cas. 1914B, 976.

"Where a contract for the sale and conveyance of land remains executory and no deed has passed, each of the parties has an interest in the premises which may be made the subject of a mortgage. A mortgage by the vendor will pass or cover to the mortgagee all the right and interest then held by the vendor; that is, the right to require execution of the contract of purchase on the part of the vendee, and to receive from him any unpaid balance of the purchase money until the secured debt is paid." 27 Cyc. 1037 and cases cited; 1 Jones, Mortg. p. 109.

Under such a contract no interest in nor lien or charge upon the land is created. The vendor remains the owner of the land; he can convey it to a third person free of any legal claim or encumbrance; the vendee obtains at law no real property or interest in real property. Their relations are merely personal. Pom. Eq. Jur. § 367; Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712, Ann. Cas. 1914B, 976; 1 Jones, Mortg. p. 109.

Real estate is subject to mortgage by the holder of the legal title between the act of sale on foreclosure under a power contained in a prior mortgage and the expiration of the time for redemption. 1 Jones, Mortg. p. 109; North Daktota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453.

The mortgage here in question not only constituted a valid lien upon the lands therein described to the extent of the unpaid purchase price under the contract, but it also constituted an equitable assignment of the contract itself. First Nat. Bank v. Edgar, 65 Neb. 340, 91 N. W. 404.

The title acquired under the foreclosure could not be attacked by Tucker. If this be true, then his successor in interest—the appellant—is in no better position. Stevens v. Chadwick, 10 Kan. 406, 15 Am. Rep. 340; Courtnay v. Parker, 16 Neb. 311, 20 N. W. 120; Olander v. Tighe, 43 Neb. 344, 61 N. W. 633; First Nat. Bank v. Edgar, 65 Neb. 340, 91 N. W. 404.

Appellant knew that the right of Tucker to assign any portion of the purchase money due under the contract was subject to the then-existing mortgage of record. Wehn v. Fall, 55 Neb. 547, 70 Am. St. Rep. 397, 76 N. W. 13; Filley v. Duncan, 1 Neb. 140, 93 Am. Dec. 337.

BIRDZELL, J.   The material facts in this case are as follows: One Harry N. Tucker was the owner of certain land which, on October 15, 1908, he contracted to sell to Fanuel Ellingson and Gunnar Ellingson, defendants, for $9,120.   At the time of the contract the land was subject to mortgages aggregating $6,000, which mortgages the Ellingsons assumed as part of the purchase price.   The Ellingsons entered into possession, and subsequently paid $1,120 on the purchase price. On December 5, 1910, there remained owing to Tucker on said contract $2,303.66.

Tucker, being indebted to defendant the Farm Mortgage, Loan, & Trust Company in the sum of $14,800, on December 5, 1910, pledged the Ellingsons' contract as security for said indebtedness, and on the same day and as part of the same transaction, and for the purpose of securing the said debt, executed and delivered to the defendant loan company a mortgage on said premises.   On March 13, 1913, the loan company foreclosed its mortgage and its pledge of the contract, and in the foreclosure proceedings obtained a judgment against Tucker for $18,380.75, which judgment further decreed the foreclosure of the mortgage of the land and pledge of the contract above referred to.

At the sheriff's sale, under special execution, the defendant loan company paid the sum of $1 for the land contract, and the sum of $1,000 for Tucker's interest in the property covered by the mortgage. Some weeks after the sale defendant Tucker, by another assignment, transferred the contract to the plaintiff and appellant, Fred T. Brastrup, subject to the sale thereof to defendant loan company heretofore recited.

Brastrup later attempted to redeem, and in so far as possible did redeem, said contract from the execution sale, by paying to the sheriff of Foster county $1.02, whereupon a sheriff's certificate of redemption was issued and afterward filed in the office of register of deeds of Foster county, where said real estate was situated.   The loan company refused to accept the redemption money on the ground that the amount paid did not include the amount of another and contemporaneous lien on the real estate for which it held a sheriff's certificate of purchase, showing payment by it of $1,000.   There being no other redemption, or attempted redemption, a sheriff's deed was issued to the Farm

Mortgage, Loan, & Trust Company, conveying the premises covered by the mortgage and contract.

This action was brought by Brastrup to obtain a judgment against defendants Fanuel Ellingson and Gunnar Ellingson, for the amount due on said contract and to establish the priority of plaintiff's right as against the Farm Mortgage, Loan, & Trust Company, which was made a defendant in the action. The trial court entered a judgment dismissing plaintiff's suit and quieting title to the premises in question in the defendant loan company, subject to the interest of the defendants Fanuel Ellingson and Gunnar Ellingson. From this judgment the plaintiff appeals and asks for review of the entire case.

In his assignment of errors, counsel for the appellant raises the question of priority of right to the remainder of the purchase price due from the Ellingsons under their contract. Counsel contends that since appellant has redeemed from the sale of the contract, he is entitled to collect the unpaid balance of the purchase price regardless of the fact that the respondent herein the Farm Mortgage, Loan, & Trust Company has purchased the mortgageable interest of Tucker in the same premises at the foreclosure sale for $1,000, from which sale there has been no attempt to redeem. It is not contended that the appellant is a bona fide purchaser, and it must be conceded that his right to redeem is as the successor in interest of Tucker.

The case, therefore, resolves to the question as to whether the contract after its redemption from the pledge can be considered as entitling the assignee who redeemed it to the right to collect the amount due thereunder, independent of any right of the mortgagee who has obtained legal title to the premises from the same source through foreclosure proceedings, subject, however, to the rights of the purchasers under the land contract.

The solution of the question depends entirely upon the character of the interest acquired upon the redemption of the contract from the pledge and sale. In defining this interest it is necessary to carefully consider appellant's contention to the effect that, by the assignment of the contract, Tucker pledged all of his interest in the land to the loan company, and that consequently the mortgage executed by Tucker and given to the loan company was a nullity and conveyed no interest whatsoever to the mortgagee. This contention is based upon the fact

that in point of time the contract was assigned before the mortgage was given, although both the assignment and mortgage were made on the same day and concededly were parts of the same transaction. We do not deem it proper to determine the legal effect of the parts of the security transaction between Tucker and the loan company by drawing distinctions based wholly upon the order of time in which the two events transpired, both looking toward the consummation of a single purpose. In our opinion the real substance of the transaction between Tucker and the loan company was that the loan company should be secured to the extent of Tucker's interest in the land. This interest extended to the legal title and a beneficial ownership commensurate with the unpaid purchase price. By the assignment of the contract and the execution of the mortgage, Tucker evidently desired to transfer to his creditor by way of security all of the interest he had in the land, and he adopted the proper mode of doing this. The assignment of the contract alone would have given to the loan company but an equitable mortgage upon the land which was the security for the purchase money to fall due under the terms of the contract. First Nat. Bank v. Edgar, 65 Neb. 340, 91 N. W. 405. The giving of the mortgage served to put the creditor in a position to enable it, without any further act on Tucker's part, to foreclose Tucker's interest in the usual way. The assignment of the contract alone merely pledged the personal right which Tucker had against the Ellingsons, with such security as would follow the assignment in equity. If the creditor was to be placed in the position which Tucker occupied with respect to the security, we do not know of a more proper method than that employed in this instance. Viewing the whole transaction the way the parties must have viewed it at the time, which, after all, is the best guide in determining its proper legal import, we are constrained to hold that the whole of Tucker's interest was hypothecated as security. This is the substance of the transaction, and the means employed are but the formalities deemed appropriate for the purpose.

Having determined that the mortgage and assignment must be construed together as parts of the one security transaction, there remains to be considered the effect of the separate sale and separate redemption of the contract. It is true that in § 7754 of the Compiled Laws of 1913 it is provided that redemption may be effected by paying the purchaser

the amount of his purchase with interest. But this section does not attempt to define the interest acquired by the one who redeems. Section 7753 of the Compiled Laws of 1913 mentions the two classes of persons who can redeem; namely, "the judgment debtor or his successors in interest," and creditors having liens, who are termed redemptioners. Appellant's counsel seems to concede that the sole right of Brastrup to redeem is derived from Tucker, as to whom he is the successor in interest, but counsel strenuously denies that appellant succeeds only to Tucker's interest. The contention is that Brastrup was, after the redemption, in the exact situation enjoyed by Tucker on December 5, 1910, prior to the pledge of the contract to the Farm Mortgage, Loan, & Trust Company, and prior to the mortgage. This is true, but the restoration of rights by redemption has no greater effect than to restore in Brastrup such rights as Tucker would have had had he never pledged the contract. It would not be contended that Tucker could, by assigning the contract to one who would only succeed to his interest, convey the right to collect the purchase money free from the lien of the mortgage. 1 Williams, Vend. & P. p. 740; Ten Eick v. Simpson; 1 Sandf. Ch. 249.

Counsel argues that the effect of the separate sale under the special execution in the foreclosure proceedings was to divorce all connection between the contract and the mortgage for all subsequent purposes, but this argument, if carried to the logical conclusion for which the appellant contends, would preclude the application of a most salutary equitable principles in determining the substantial rights of the parties. From the standpoint of the equities of the case, the equity of the unpaid debtor who holds two securities for the payment of his debt is quite analogous to the equity of consolidation that has been embedded in equity jurisprudence from an early period. Without attempting a detailed examination of the basic principles upon which this doctrine rests, we will but quote from an opinion of one of the leading modern English jurists, in which the doctrine is fully considered, in order that the propriety of the application of the principles to the facts in this case may be seen. In the case of Jennings v. Jordan, L. R. 6 App. Cas. 698 (H. L.), Lord Selborne, at p. 700, in referring to the doctrine of consolidation, says: "There is no difficulty in its application when all the mortgages, whether originally made to the same mortgagee, or

having come into a single hand by subsequent assignments, are redeemable at the same time by the same person. Its extension to a case in which, after that state of things has once existed, the equities of redemption have become separated by the act of the person in whom they had been combined, though it may, perhaps, be open to objection on some practical grounds, rests upon an intelligible principle. The purchaser of an equity of redemption must take it as it stood at the time of his purchase, subject to all other equities which then affected it in the hands of his vendor; of which the right of the mortgagee to consolidate his charge on that particular property with other charges then held by him on other property at the same time redeemable under the same mortgagor was one. The mortgagee cannot lose that right because the mortgagor thinks fit to separate the equities of redemption. The two mortgages having already become virtually one, the purchaser of part of the equity of redemption is no more entitled to escape from this position than the present plaintiffs would have been to redeem the cottages only, without also redeeming the rest of the copyhold property included in Merrit's mortgage."

We do not wish to be understood as holding that the doctrine of consolidation is applicable in this jurisdiction. We are fully aware of the fact that the doctrine is not followed in the American jurisdictions generally (7th Jones, Mortg. 2d ed. § 1083), and furthermore that the case before us does not directly involve the question of consolidation. The authority above quoted, however (Jennings v. Jordan, supra), adheres to a basic equitable principle according to which, in our judgment, the appellant's standing in this case may properly be judged.

Though a redemption was effected by appellant under the terms of the statute when he paid for the contract the amount bid at the sale, with the statutory interest, he acquired by such redemption only such interest as the mortgagor or pledgeor would have acquired by a similar redemption at the same time, for he redeemed as successor in interest to the mortgagor. De Roberts v. Stiles, 24 Wash. 611, 64 Pac. 795. Since the interest of Tucker at the time of the assignment to appellant and at the time of the redemption was necessarily qualified by the equities existing in favor of the respondent, appellant's interest in the contract is similarly qualified. The substance of Tucker's right was

the right to collect the remainder of the purchase money from the Ellingsons, and this right he could not assert against the loan company without paying to them all that they had bid for it at the foreclosure sale. No such payment has been made either by Tucker or by his successor in interest. The judgment of the trial court conforms to the conclusions we have reached, and is therefore affirmed.