[No. 2799.  Decided February 21, 1898.]

THE PENNSYLVANIA MORTGAGE INVESTMENT COMPANY, *Respondent*, v. HARRY GILBERT *et al.*, *Defendants*, W. A. LEWIS *et al*, *Appellants*.

SECOND APPEAL BOND — TIME OF FILING — RIGHT OF ATTORNEY TO SIGN PRINCIPAL'S NAME — STATEMENT OF FACTS — INCLUSION OF EXHIBITS — DUAL LEVY OF ATTACHMENTS — EFFECT OF DISSOLUTION.

The giving of a second appeal bond within five days after certification by the judge as to the insufficiency of the first is in sufficient time, although the certificate was not made until the day succeeding the examination of the sureties and without adjournment from said day to the day following.

The signing of appellants' names to an appeal bond by their attorney without special authority therefor, would not affect the validity of the bond.

In preparing a proposed statement of facts for settlement, a reference to exhibits introduced in evidence and in the clerk's possession is sufficient without incorporating copies thereof in the proposed statement, and their attachment to the statement by the clerk under order of the court, together with the judge's certificate as to their correctness, suffices to properly incorporate them in the statement settled.

Where two writs of attachment have been issued in the same action and levied upon the same property, an order of dissolution made after both levies, has the effect of dissolving both, unless it clearly appears that the order of dissolution was limited to one of the writs.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge.  Affirmed.

*W. A. Lewis*, for appellants.
*H. M. Stephens*, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—A motion to dismiss the appeal herein was made on the ground that the second appeal bond was not filed in time.  Exception was taken to the sufficiency

of the sureties on the first bond. At the adjourned time set for hearing one of the sureties failed to attend; on the next day the judge certified as to the sufficiency of the other surety, and to the fact of the failure of one of them to appear. On the fifth day after making the certificate the appellant gave a new appeal bond. Respondent contends it was too late because there was no adjournment from the last hearing to the next day when the judge made his certificate, but as the certificate was made the succeeding day after said examination we think it was a sufficient compliance with the statute (Laws 1893, p. 125, § 11, Bal. Code, § 6510), although there was no formal adjournment from the day of the hearing until the next day. Had there been an unreasonable delay a different question might be presented. It was also contended that the bond was insufficient because it was not signed by two of the appellants in person, but that their names were affixed thereto by their attorney without special authority. We think this was sufficient, as the appellants would have been liable for the costs in any event, and the attorney had authority to appeal the case.

A motion was also made to strike the statement of facts on the ground that the exhibits were not contained in the proposed statement, and because the judge, before whom the statement was settled, directed the clerk of the court to attach the exhibits thereto. The exhibits at that time were in the keeping of the clerk, and had remained with him since the trial of the cause, and it was not necessary for the appellant in preparing his proposed statement to incorporate therein copies of the exhibits previously introduced in evidence and in the clerk's possession; a reference thereto was sufficient. After the exhibits were attached to the statement the judge made a further certificate of their correctness, and the motion to strike is denied.

This is the second appeal in this cause; for the former one, see 13 Wash. 684 (43 Pac. 941), where the judgment was reversed and cause remanded for a new trial, which was had, and resulted in favor of the plaintiff. Substantially the only contention upon the merits is that the court erred in excluding testimony offered to show that the order dissolving the attachment referred to in the previous opinion had been forged or changed by making the word " attachment " read " attachments." Two writs of attachment were issued in the same action, and both of them were levied upon the property here in controversy. The order of dissolution was made after both levies, and it had the effect of dissolving both of them, as the effect of levying two writs upon the same property was in effect but one attachment of it, they being issued in the same cause and the second one levied while the levy under the first writ was in force. This question was practically disposed of in the former opinion, but owing to the peculiar condition of the case there set forth, and the strenuous claim by the defendants of other competent proof to show that the order was limited to the first writ, it was remanded with an opportunity for them to do so. We think there was a complete failure to offer any proof competent to change the rule indicated, and upon the showing it must be conclusively presumed from the record that the order made dissolved the attachment against this property under both writs, and the finding of the court is affirmed.

Dunbar, Anders, Gordon and Reavis, JJ., concur.