HEYER ET AL. v. HINES*
(No. 1302; February 8, 1927; 252 Pac. 1028.)

ATTORNEY AND CLIENT—PRESUMPTION OF ATTORNEY'S AUTHORITY—
BURDEN UPON ONE DENYING ATTORNEY'S AUTHORITY—ATTORNEY
MAY SIGN CLIENT'S NAME TO APPEAL BOND.

1.  Where attorneys, after judgment against their client in justice court, proceeded to appeal, acting with apparent authority, and were treated by opposing counsel and court as having authority, such authority will be presumed, which presumption cannot be overthrown by mere absence of evidence of actual authority.

2.  One who denies attorney's authority has burden of proof of want of authority.

3. Where attorneys had authority from clients to appeal from justice court judgment, such authority carried with it implied authority to execute and file appeal bond and sign client's name thereto.

*See Headnotes: (1) 6 C J p. 636 n. 29. (2) 6 C J p. 636 n. 29. (3) 6 C J p. 658 n. 14.

ERROR to District Court, Fremont County; R. R. ROSE, Judge.

Action by W. J. Hines against A. O. Heyer and another, chairman and secretary respectively of the County Central Committee of the Republican Party. Defendants' appeal to the District Court from a judgment in the Justice Court in plaintiff's favor was dismissed, and defendants bring error.

*E. H. Fourt,* for plantiffs in error.

The motion to dismiss the appeal, taken from justice court, was based on the ground that the appeal bond was signed by attorneys for defendants without authority; an application made to amend the bond and denied; there was no evidence that the attorneys did not have authority to sign the bond; it was approved by the Justice; the presumption is that the attorneys had authority, and the burden of disproving such authority rested upon party denying it; 3 Am. & Eng. Enc. Law 375; Investment Co. v. Gilber, (Wash.) 52 P. 246; 6547 C. S. The amendment should have been allowed; 6537 C. S.; Irwin v. Bank, 6 O. S. 81; Johnston v. Co., 31 O. S. 131; Watts v. Shewell, 31 O. S. 331. A mere defect in an appeal bond does not warrant dismissal; Church v. Nelson, 35 O. S. 638.

*Gordon J. Christie,* for defendant in error.

The application to amend the bond was properly denied; 6533, 6538 C. S.; Roberts v. Board, 8 Wyo. 177. The defect in the bond was jurisdictional; 15 C. J. 854. District Court had no power to allow amendments applied for; 6537 and 6546 C. S.; Walton v. Spinner, 15 Wyo.

297; Burnett v. Darrah, 17 Wyo. 480. The attorneys had no authority to sign the bond; 6 C. J. 658; Luce v. Foster, 60 N. W. 1027; Shofield v. Felt, 14 P. 128; Roberts v. Board, supra. The filing of a proper bond in appeal is jurisdictional; Italian Col. v. Bartagnolli, 9 Wyo. 206; Bortree v. Dunkin, 20 Wyo. 385. 5705 C. S., is inapplicable to appeals from justice court; Walton v. Spinner, supra; Burnett v. Darrah, supra.

Burgess, District Judge.

November 17, 1924, W. J. Hines secured a judgment for money against A. O. Heyer and Harry J. Shad, in the Justice Court of H. J. Nickerson, a justice of the peace in and for Fremont County. A notice of appeal to the District Court of that county and an appeal bond were then filed with said justice by W. E. Hardin and E. H. Fourt, attorneys-at-law who had appeared for Heyer and Shad in the trial before the justice, and who were purporting to still represent them.

Objections to the bond on the ground that it was improperly executed were filed by Hines and overruled by the justice. Upon the docketing of the appeal in the District Court of Fremont County, the objections were renewed and the appeal dismissed by that court. To review this order of dismissal, Heyer and Shad have brought the case here by proceedings in error.

The bond was signed "A. O. Heyer and Harry J. Shad, Chairman and Treasurer, respectively County Central Committee of the Republican Party, defendants, by E. H. Fourt and W. E. Hardin, their attorneys," and was held insufficient because of the absence of evidence that Hardin and Fourt had authority to sign the names of Heyer and Shad thereto. The District Court in its order of dismissal makes certain findings, among which is the following: "And no evidence being submitted to the court that the said attorneys were authorized to sign the names of said defendants except that it is admitted that the said

attorneys acted as attorneys for the said defendants in the trial of this case before H. G. Nickerson, Justice of the Peace in and for Lander Justice and Constable Precinct No. 2, the court finds that the said paper purporting to be an appeal bond is not the bond of the defendants."

The District Court did not find that Fourt and Hardin had in fact no authority to sign their clients' names to the bond, but only that there was no evidence submitted to it that they were so authorized, nor was there any evidence offered or finding made by the District Court that they had no authority to appeal the case from the Justice Court.

It is not questioned that Fourt and Hardin had authority to appear for Heyer and Shad in the trial before the justice, nor is it questioned that they had the authority to appeal the case to the District Court, except so far as it may be questioned, inferentially, from the recital in the order of dismissal, that "no evidence was submitted to the court that the said attorneys were authorized to sign the names of said defendants except that it is admitted that the said attorneys acted as attorneys for the said defendants in the trial of this case before H. G. Nickerson." But throughout the appeal proceedings both the District Court and opposing counsel appear to have considered Fourt and Hardin as still acting for Heyer and Shad, for five days after the bond in question was executed and filed with the justice, Hines' attorneys served a notice of motion addressed to "W. E. Hardin and E. H. Fourt, attorneys for defendants," and the order of dismissal itself recites that the defendants, i. e. Heyer and Shad, appeared by their attorneys of record, namely Fourt and Hardin.

. It must not be assumed that we are holding that mere authority to try the case in the Justice Court would give Fourt and Hardin authority to appeal the case to the District Court for it is unnecessary to decide that, but we do hold that after the case had been tried and a judgment

adverse to their clients rendered, and they proceed to appeal, acting in so doing as though they had authority, and they are treated by opposing counsel and by the court itself as having such authority, it will be presumed until the contrary is shown that they did have the authority from those whom they purport to represent, to appeal the case, and this presumption can not be overthrown by a mere absence of evidence as to their actual authority in the premises:

"Whenever" says Mechem, sec. 2152, vol. 2 Agency, "a regularly admitted attorney appears for a party in a cause, the presumption is that such appearance is authorized."

The burden of proof is upon him who denies the authority of the attorney. 6 C. J. 636.

It appearing, therefore, from the presumption which we must indulge, that Fourt and Hardin had the authority from their clients to appeal the case to the District Court, this would carry with it the implied authority to do whatever was reasonably necessary to accomplish the main end. One of the things necessary was the execution and filing of an appeal-bond. The authority to appeal therefore carried with it the authority to Fourt and Hardin to sign their clients' names to the bond in question. Pennsylvania Mtg. Inv. Co. v. Gilbert et al., 52 Pac. 246, 18 Wash. 667; De Roberts v. Stiles, 24 Wash. 611, 64 Pac. 795.

The District Court of Fremont County was therefore in error in dismissing the appeal, and the judgment is accordingly reversed and the case remanded to the District Court for further proceedings consistent with this opinion.

*Reversed and Remanded.*

BLUME, C. J., and TIDBALL, District Judge, concur.