Clayton L. STRICKER and Jacqueline A. Stricker, husband and wife, Appellants (Defendants),

v.

Marlin FRAUENDIENST, an individual, d/b/a Cheyenne Landscaping, Appellee (Plaintiff).

No. 83–64.

Supreme Court of Wyoming.

Sept. 12, 1983.

Sue Davidson of Urbigkit & Whitehead, P.C., Cheyenne, for appellants.

Mitchell E. Osborn of Grant & Grant, Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

The single question in this case is whether an attorney is authorized to sign a lien statement for his client. Appellee's attorney signed and filed a lien statement with the county clerk. The county court granted judgment for the amount demanded in the complaint, foreclosed appellants' lien and directed that the property subject to the lien be sold. The district court affirmed the judgment and order of the county court.

We will affirm.

Appellee built a fence on appellants' property pursuant to an agreement between the parties.[1] Appellants denied that the fence was built in conformance with the parties' agreement, and maintained that it was not built with the quality of materials agreed upon nor was the workmanship according to the agreement.[2] Appellee's attorney furnished appellants with notice of intent to file a lien, and signed and filed a lien statement for $1,759.44. Appellants contend that the lien statement did not conform with the requirements of §§ 29-1-201 through 29-1-309, W.S.1977 (June 1981 replacement), because it was not signed by a person authorized by law.

Section 29-1-301(a), supra, provides, "In order to have a perfected lien pursuant to this title, a lien claimant shall file with the county clerk a lien statement * * *." Section 29-1-201(a)(iv), supra, defines a lien claimant as "any person who claims a lien under this title pursuant to a contract for improvement of property entered into by an owner of the property."

Section 29-1-201, supra, provides:

"(b) Only the following agency relationships are presumed in this title:

"(i) If any spouse enters into a contract for the performance of any work or the furnishing of any materials for the benefit of the property of the other spouse for which a lien is provided by this title, the spouse contracting for the work shall be presumed to be the agent of the spouse owning the property;

"(ii) Between joint tenants;

"(iii) Among tenants in common; and

"(iv) An employee is an agent of his employer."

Appellants urge that we construe § 29-1-201(b), supra, to exclude attorneys as agents of the lien claimant for the purpose of filing a lien. However, § 29-1-201(b), does not address the signing of a lien statement. It does not indicate for what purpose agency relationships are presumed except that a presumed agent may bind a principal by contracting for work or materials. We cannot read into this statute the concept that only the presumed agent listed may file a lien statement. The statute does not abrogate the general law of agency for purposes of making lien statements.

Even if the persons listed in § 29-1-201(b), supra, are the only presumed agents, that does not preclude proof of a different agency relationship. In this latter event, the agency would have to be proved, whereas the agency of the persons listed by the statute is presumed. An attorney acting on behalf of his client has traditionally been regarded as an agent of his client. Evidence establishing an attorney-client relationship proves agency. Appellants do not contend that appellee's attorney was not employed to make a lien statement.

---

1. Appellants perfunctorily denied the contract's existence in one paragraph of their answer, but admitted it in two other paragraphs. The county court concluded that there was a contract and appellants have not appealed that determination.

2. The county court found against appellants on the workmanship and quality of materials issue and this issue was not appealed.

The applicable lien law, §§ 29–1–201 through 29–2–109, supra, is different in some respects from its forerunner. The former statutes, § 29–11, W.S.1957, and § 29–2–109, W.S.1977, provided:

"* * * Every original contractor * * * every subcontractor shall * * * file * * * a just and true account * * * if known to the person filing the lien, which in all cases shall be verified by the oath of the person filing the lien, *or by some reliable person for him* * * *." (Emphasis added.)

The lien law governing this case does not contain the provision that the lien statement shall be verified by "some reliable person." Appellants conclude from that omission that only the persons who are presumed agents can verify a lien statement, and since attorneys are not listed as presumed agents, they cannot verify such statements. It seems more logical to suppose that the legislature omitted the term, "some reliable person," because it was ambiguous and had the potential for problems.

It is generally held that a lien statement may be made by an attorney or other agent of the claimant. 53 Am.Jur.2d, Mechanics Liens, § 222, p. 743 (1970); 57 C.J.S. Mechanics' Liens § 166, p. 709 (1948).

" 'Whenever * * * a regularly admitted attorney appears for a party in a cause, the presumption is that such appearance is authorized.' " *Heyer v. Hines,* 36 Wyo. 53, 252 P. 1028, 1029 (1927).

"The attorney's knowledge is deemed to be the client's knowledge, when the attorney acts on his behalf * * * [O]nce a party has designated an attorney to represent him in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention * * *." *Haller v. Wallis,* 89 Wash.2d 539, 573 P.2d 1302, 1307 (1978).

It is fundamental that an attorney at law is an agent of his client and it is immaterial whether he is employed for a single transaction or a series of transactions. Attorneys are agents even though in some respects they are independent contractors. Restatement (Second), Agency 2d, § 1, Comment on subsection (3), p. 11 (1958).

Appellants concede that "an attorney as an agent can be 'a representative of his principal * * * in contractual relations with third' persons. * * * *" *C.M. & W. Drilling Company Inc. v. Schieck,* 74 Wyo. 64, 284 P.2d 390, 397 (1955). Appellants contend, however, that "the agency relations must be one which is statutorily recognized."

The relationship between a client and his attorney is one of the oldest recognizable principal-agent affiliations. Ordinarily, an attorney acts for his client in legal matters and many quasi legal causes. If the legislature intended that the traditional agency relationship between a client and his attorney be inapplicable with respect to making a lien statement, we fail to see that intent manifest in the present lien law.

Affirmed.