David E. DAMERON; Clifford W. Dameron, also known as C.W. Dameron, and Virginia Dameron, husband and wife, Appellants (Defendants),

v.

William A. LYTHGOE and June Lythgoe, husband and wife; and Hershel Wickett and Lillian Wickett, husband and wife, Appellees (Plaintiffs).

No. 86–156.

Supreme Court of Wyoming.

Dec. 31, 1986.

Joe R. Wilmetti, Casper, for appellants.

Dennis M. "Joe" Hand of Hand, Hand, & Hand, P.C., Casper, for appellees.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Suit was filed against a maker and two guarantors on two promissory notes, as an obligation that arose from a prior lawsuit with a convoluted "settlement" history. The defense to payment was failure to obtain a third party as co-maker, consequently invalidating the executed notes, and a challenge to the document delivery authority of the obligors' attorney. The trial court rejected the note defenses in specific findings and by judgment for plaintiff. We affirm.

The foundational issue is the validity of two notes, each in the amount of $22,-794.50, executed pursuant to a stipulation for litigation settlement. Appellant argues for invalidity, without actually disputing the intrinsic debt, by contending (1) contested delivery; (2) material alteration; (3) invalidity as not signed by one anticipated co-maker; and (4) unjustified alteration of the settlement agreement.

Sometime prior to December, 1984, the present parties became involved in an earlier lawsuit wherein plaintiffs William and June Lythgoe and Hershel Wickett had given money to David Dameron for the use and benefit of a Francis McVay. Whatever that may have involved is of no moment to us here, since the case was settled by a stipulated agreement dated December 28, 1984, in Docket 8857, Converse County:

"The Plaintiffs, William A. Lythgoe and June Lythgoe, husband and wife, and Hershel Wickett, by and through their counsel, Dennis M. Hand, and the Defendants, Clifford W. Dameron, David E. Dameron, and Dameron and Dameron, Inc., a Wyoming corporation, by and through their counsel, Frank D. Peasley, have agreed to settle the above referenced litigation upon the following terms and conditions:

"1. Defendant David E. Dameron, together with Francis H. McVay, jointly and severally agree to make, execute and deliver to Plaintiffs William A. Lythgoe and June Lythgoe, husband and wife, their promissory note in the principal amount of Twenty-two Thousand Seven Hundred Ninety-four and 50/100 ($22,-794.50) Dollars, bearing interest from March 1, 1984, at ten (10%) percent per annum and payable in cash on or before March 1, 1985. It is further agreed that Defendant Clifford W. Dameron and his wife, Virginia Dameron, will execute the above named promissory note as guarantors.

"2. Defendant David E. Dameron and Francis H. McVay, jointly and severally, also agree to make, execute, and deliver to Plaintiff Hershel Wickett their promissory note in the principal amount of Twenty-two Thousand Seven Hundred Ninety-four and 50/100 ($22,794.50) Dollars, bearing interest from March 1, 1984, at ten (10%) percent per annum and payable in cash on or before March 1, 1985. It is further agreed that Defendant Clifford W. Dameron and his wife, Virginia Dameron, will execute the above named promissory note as guarantors.

"4. In consideration for the execution and delivery of the above notes and guarantees, it is agreed the litigation pending herein shall be dismissed by Plaintiffs.

"5. It is further agreed by Plaintiffs that if they receive payment in full of the amounts due on the promissory notes, together with interest thereon, on or before March 1, 1985, they will assign to the person or persons who pay the note the judgment they have secured against Ponderosa Development Corporation in the Federal District Court in Civil Action No. C81–0020–B.

"6. Based on the foregoing settlement agreement, the respective attorneys for the parties stipulate and agree that the above entitled matter be dismissed.

"DATED this 28 day of December, 1984.

| "WILLIAM A. LYTHGOE, | CLIFFORD W. DAMERON; |
| JUNE LYTHGOE, | DAVID E. DAMERON; |
| husband and wife; | DAMERON AND DAMERON, |
| HERSHEL WICKETT, | INC., Defendants |
| Plaintiffs | |
| "BY: | BY: |
| "    /s/ | /s/ |
| Dennis M. Hand of Hand, | Frank D. Peasley |
| Hand & Hand, P.C. | Attorney for Defendants |
| Attorney for Plaintiffs" | |

Francis McVay was not a party to the prior litigation, and obviously was not a party to the stipulation directly or by designation of authority as signed by either attorney.

Being specifically concerned, counsel for plaintiff, Dennis Hand, had written on November 29, 1984 to then counsel for defendants:

"I received your letter of November 27, 1984 with enclosures. Before I sign and file the Stipulation for Dismissal, I want to have a clear understanding that the absence of Francis McVay's signature has no effect on the Settlement Agreement, Stipulation for Dismissal, or on the Promissory Notes and Guarantees by Mr. and Mrs. Dameron. Please provide written confirmation of this."

The response that he received, signed by Peasley and dated December 3, 1984 stated:

"This is to confirm your understanding as outlined in your letter of November 29, 1984. The failure of Francis McVay has no effect on the agreement signed by the Damerons, so long as your clients' interest in any claims against Mr. McVay (in particular, their judgments) are going to be assigned to my clients in the event they have to pay this note off. I will assume this to be the case unless I hear from you to the contrary."

Exhibiting extreme care, Hand again wrote to Peasley on December 31, 1984:

"With reference to the Settlement Agreement in the above matter, it is necessary that a copy of my letter to you of November 29, 1984, as well as a copy of your response of December 3, 1984, be made a part of the record and filed in the official court file. Accordingly, I am sending a copy of this letter, together with copies of the letters referred to above, to Joan Lore to be filed in the court file. These letters, together with the Settlement Agreement and Stipulation for Dismissal, reflect the full agreement of the parties."

A course of correspondence as in evidence here had occurred between Peasley and his clients, stating in part:

Letter of May 29, 1984 to Dameron & Dameron:

"Please get in to see me right away, for purposes of completing and signing the documents that were sent by Joe Hand. I promised Joe I would get these back to him right away, so unless there is some fundamental problem with the way they were drafted, I would like to conclude this matter as soon as possible.

"Give Jeanette a call and set up a time that would be convenient for the two of you to come in and meet with me."

Letter of June 18, 1984 to Dameron & Dameron:

"Frank McVay still hasn't gotten in to sign the promissory notes that Dave signed on June 11. Joe Hand has been most patient in waiting for us to get this done, so I have enclosed the two promissory notes and ask that Dave get Frank's signature on them right away. Dave,

please make sure he signs both of them, in the presence of a Notary Public.

"I have prepared a general guarantee (by Cliff and Virginia) on the backside of each of the promissory notes; Cliff, both you and Virginia will have to sign these.

\*　　\*　　\*　　\*　　\*　　\*

"I have been promising Joe that I would get these documents back to him right away, so *please* get them both properly executed and back to me immediately. I will then send them to Joe and have the lawsuit dismissed.

"If you have any questions, contact me immediately. I will assume the documents will be returned to me by the end of next week and will advise Joe Hand of such, by a copy of this letter to him."

Letter of November 27, 1984 to Cliff Dameron:

"I have gone ahead and sent the documents on to Joe Hand, in spite of the fact McVay did not get in to sign them. "If there is no development on the McVay lawsuit by some time in February, you might want to consider taking some protective action so that. the inevitable day of reckoning on this is not too devastating. I would be more than happy to help you do any planning that you think is necessary."

The two notes had been signed by David Dameron on August 23, 1984 and acknowledged by his attorney and guaranteed by a guaranty form on the reverse of each instrument stating:

"GUARANTEE

"IN CONSIDERATION of Ten and More ($10+) Dollars, and other good and valuable consideration, the undersigned do hereby guarantee to William A. Lythgoe and June Lythgoe [Hershel and Lilliam Wickett on the other note], husband and wife, full and complete payment and performance by David E. Dameron of all the agreements contained in that certain Promissory Note dated March 1, 1984, in the principal sum of Twenty-two Thousand Seven Hundred Ninety-four and

50/100 ($22,794.50) Dollars, due March 1, 1985, with interest at ten (10%) percent, per annum.

"IN WITNESS WHEREOF, we have hereunto set our hands and seals this 7 day of September, 1984.

"/s/ _____
"CLIFFORD W. DAMERON
"/s/ _____
"VIRGINIA DAMERON"

Next May (1985), demand for payment was made, and following nonpayment on the demand, suit was instituted.

Of interest, the initial answer in the litigation, filed pro se, contained three defenses: a general denial; lack of consideration; and failure to freely and fully consent to the terms. The presently submitted defenses were first introduced by a memorandum of law, without amended pleading reflecting the defenses, after a different attorney entered an appearance in behalf of defendants.

The trial record indicates that McVay had orally promised to Peasley and to the Damerons that he would sign, but no one was able to get him to keep the promise. After execution by Damerons, Peasley, as their attorney, had delivered the original notes to Hand as plaintiffs' attorney.

The actual issue presented is that Peasley should not have delivered the notes without the unavailable McVay signature, and consequently the notes, although signed by makers and guarantors, are invalid. In analyzing the legal status of this case which actually lacks viable factual dispute, we review the trial court's finding and judgment, to determine the legal validity of conclusions made:

"1. Generally in favor of the plaintiffs and against the defendants and each of them on all allegations of plaintiffs' Complaint and on all disputed facts including, but not limited to the following:

"A. Each of the Promissory Notes sued on by plaintiffs are supported by valid consideration being the dismissal of the previous litigation between the parties.

"B. The execution of the notes by Francis H. McVay was not a material requirement between the parties for the settlement and dismissal of the previous litigation between the parties.

"C. The defendants were afforded opportunity to have secured the signature of Francis H. McVay, but they failed to do so.

"D. The defendants' attorney in the previous litigation had apparent authority, if not express authority, to deliver the Promissory Notes to plaintiffs' counsel without the signature of Francis H. McVay.

"E. The defendants and each of them have accepted the fruits of the compromise and settlement of the preceding litigation between the parties and the defendants and each of them are estopped to repudiate the compromise and settlement of the preceding litigation between the parties and the validity of the Promissory Notes and guarantees delivered to the plaintiffs.

"F. Defendant David E. Dameron voluntarily made, executed, and delivered to the plaintiffs, Hershel Wickett and Lillian Wickett, husband and wife, his Promissory Note in the principal sum of $22,794.50 payable on or before March 1, 1985 with interest from March 1, 1984 at the rate of 10% per annum in accordance with the terms and conditions as specified more completely on the Note.

"G. Defendant David E. Dameron voluntarily made, executed, and delivered to the plaintiffs, William A. Lythgoe and June Lythgoe, husband and wife, his Promissory Note in the principal sum of $22,794.50 payable on or before March 1, 1985 with interest from March 1, 1984 at the rate of 10% per annum in accordance with the terms and conditions as specified more completely on the Note.

"H. The defendants Clifford W. Dameron and Virginia Dameron, husband and wife, voluntarily made, executed, and delivered their personal guarantee of the performance of David E. Dameron on each of the Promissory Notes described above."

The usual appellate rule is applied that a trial court's findings are afforded a presumption of correctness unless inconsistent with the evidence, and will not be disturbed unless clearly erroneous. *Stockton v. Sowerwine*, Wyo., 690 P.2d 1202 (1984); *Palmeno v. Cashen*, Wyo., 627 P.2d 163 (1981). This is a documents case, which can be determined by a review of the extensive paper trail.

It is particularly noteworthy that it was Damerons and not payees who wanted McVay to sign as co-maker. The real parties in financial interest to payees were the senior Damerons, Clifford W. and Virginia, as obligated by the guarantee.

An interesting academic exercise could be pursued contemplating what would happen to the admitted obligation of present defendants if the case were to be reversed, exacerbated by the corollary fact that as to plaintiffs it did not matter if McVay signed since they were not looking to him for payment and would not necessarily include him in collection litigation. Obviously appellant could have supplemented the litigative parameters by including McVay as a third-party defendant if, as the evidence suggests, he was amenable to service of process in Wyoming. We decline to academically challenge these issues. *Reese v. Dow Chemical Company*, Wyo., 728 P.2d 1118 (1986).

As did the trial court, we have no difficulty in factually distinguishing *McConnell v. Dixon*, 68 Wyo. 301, 233 P.2d 877 (1951) from this case as utilized by appellant for principal authority. In that opinion, Justice Blume considered the authority of an attorney, without approval, to add a wife as a grantee to a deed. The circumstances of settling a lawsuit where a third party declines to execute an indebtedness instrument affords a clear differentiation in fact. Here, the notes as executed were tendered and accepted as settlement—we would apply common sense and good faith. *Marathon Oil Company v. Kleppe*, 407 F.Supp. 1301, aff'd 556 F.2d 982 (10th Cir.1977);

*Busch Development, Inc. v. City of Cheyenne,* Wyo., 645 P.2d 65 (1982).

The facts contained in the record support the judgment. *Western Utility Contractors, Inc. v. City of Casper,* Wyo., 731 P.2d 24 (1986); *Matter of Abas,* Wyo., 701 P.2d 1153 (1985). Considering the settlement posture for the delivery of the promissory note, we also concur with the legal conclusion *as to payees*[1] that authority to deliver the notes existed, and do not find the notes to be altered or invalid. "The burden of proof is upon him who denies the authority of the attorney." *Heyer v. Hines,* 36 Wyo. 53, 252 P. 1028, 1029 (1927); *Stricker v. Frauendienst,* Wyo., 669 P.2d 520 (1983). The settlement agreement was not altered, since payees did not assume or accept the obligation to secure a co-maker signature on the note. The manifested intention to settle is controlling. In giving effect to the intent of the parties, common sense and good faith are the leading characteristics of contract construction. *Busch Development, Inc. v. City of Cheyenne, supra; Wyoming Game and Fish Commission v. Mills Co.,* Wyo., 701 P.2d 819 (1985).

The judgment of the trial court is affirmed.

---

**1.** This court does not consider whether, pursuant to this well-documented record, the delivery of the notes by counsel was improper *as to his clients,* since that issue was not presented to the trial court.